**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ALLAN KENNETH MORGAL, | No. 14-15490 |
| Plaintiff - Appellant, | D.C. No. 4:12-cv-00280-CKJ |
| v. | |
| EDWARD WILLIAMS, Sergeant; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted June 22, 2015[**]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Arizona state prisoner Allan Kenneth Morgal appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging various constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (summary judgment);

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm in part, reverse in part, and remand.

The district court properly dismissed Morgal's First Amendment retaliation claims against Jacobs, Schroeder, and Williams, to the extent that they were based on his transfer to another prison, his removal from his job, and loss of good time credits, because Morgal failed to allege facts sufficient to show that these actions did not advance legitimate penological interests. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (setting forth elements of a retaliation claim in the prison context); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

Dismissal of Morgal's due process claim based on his removal from his paid work assignment and the loss of privileges was proper because these allegations do not give rise to a constitutionally protected liberty or property interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (requiring "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or a restraint that exceeds the prisoner's sentence in "an unexpected manner" to state a liberty

14-15490

interest); *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (there is no liberty or property interest in prison employment).

The district court properly dismissed Morgal's Eighth Amendment deliberate indifference claim because Morgal failed to allege facts sufficient to show that any defendant was deliberately indifferent to his health. *See Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (a prison official is deliberately indifferent only if he or she "knows of and disregards an excessive risk to inmate health" (internal citations and quotation marks omitted)); *see also Hebbe*, 627 F.3d at 341-42.

The district court properly dismissed Morgal's access-to-courts claim because Morgal failed to allege facts sufficient to show that he suffered an actual injury as the result of defendants' conduct. *See Lewis v. Casey*, 518 U.S. 343, 348-53 (1996) (access-to-courts claim requires showing that the defendant's conduct caused actual injury to a non-frivolous legal claim).

The district court granted summary judgment on Morgal's excessive force claim, concluding that Williams's use of force was an overreaction, but not malicious or sadistic. Viewing the evidence in the light most favorable to Morgal, Morgal raised a genuine dispute of material fact by presenting evidence that Williams slammed his face against the desk and twisted his arm, despite

Williams's concession that no use of force was necessary. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) ("[T]he core judicial inquiry" in resolving an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm[.]").

The district court also erred in granting summary judgment on Morgal's First Amendment retaliatory assault claim against Williams because there is a genuine dispute of material fact as to whether Williams's actions advanced a legitimate penological interest. *See Brodheim*, 584 F.3d at 1269.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**